UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



PDV Sweeny, Inc., et al.,

          Plaintiffs,

–v–

ConocoPhillips Company, et al.,

          Defendant.

14-cv-5183 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    Before the Court is the request ("Redaction Request") submitted by Respondents ConocoPhillips Company ("ConocoPhillips") and Sweeny Coker Investor Sub, LLC, to seal Exhibits 1-5 attached to the Pizzurro Declaration, which was submitted with the Petitioner PDV Sweeney and PDV Texas' Petition to Vacate the Partial Award, and Exhibits A-G to the Prevatt Declaration, which was submitted with Respondent's Cross-Petition to Confirm, Recognize, and Enforce the Arbitration Award. For the reasons that follow, the request is provisionally granted with respect to Exhibits 3, 4, and 5 to the Pizzurro Declaration and portions of Exhibit 1 to the Pizzurro Declaration, and it is denied with respect to the remaining documents.

I.    **Background**

    This action arises from a 1999 joint venture related to the operation of an oil refinery, undertaken by ConocoPhillips, on the one hand, and Petroleos de Venezuela, S.A. ("PDVSA") and certain of its subsidiaries, including Petitioners PDV Sweeny and PDV Texas, on the other. *See* Dkt. No. 2 ¶ 15. Among the many interlocking contracts comprising the joint venture was a Transfer Agreement, which contained a provision the parties refer to as the "Call Option." *Id.* ¶

21. The underlying dispute centers upon ConocoPhillips' exercise of that Call Option to acquire PDVSA's entire interest in the joint venture. *See id.* ¶¶ 21-22.

Petitioners initiated an arbitration of their dispute under the ICC rules, seeking, among other things, a declaration that Respondents' exercise of the Call Option was invalid and ineffective. *See id.* ¶ 35. Following briefing and a hearing, the arbitrators issued an April 23, 2014, Partial Award dismissing this claim in its entirety. *Id.* ¶ 43. The arbitrators reserved the issues of costs and interest for the Final Award, which was ultimately issued on August 25, 2014. *See* Prevatt Decl. Ex. G (Final Award).

On July 11, 2014, Petitioners filed a petition to vacate the portion of the Partial Award dismissing their claim that the exercise of the Call Option was invalid and ineffective. *See* Dkt. No. 2 ¶ 43. On August 29, 2014, the Respondents opposed the Petition and filed a Cross-Petition to Confirm, Recognize, and Enforce the Partial and Final Awards. Along with their Cross-Petition, Respondents submitted the instant Redaction Request.

**II.     Legal Standard**

In the Second Circuit, courts apply a three-step framework to determine whether to deny the public access to court-filed documents. First, the Court must "decide whether a document is a judicial document protected by the common law right of access," *i.e.*, "whether it is 'relevant to the performance of the judicial function and useful in the judicial process.'" *United States v. Erie Cnty.*, -- F.3d --, No. 13-3653-cv, 2014 WL 4056326, at *3 (2d Cir. Aug. 18, 2014) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). If a document is a judicial document, the presumption of access applies, and the Court proceeds to the second step of the analysis and "determine[s] the weight of the presumption of access," which "is governed by the role of the material at issue in the exercise of Article III judicial power and the resultant

value of such information to those monitoring the federal courts." *Id.* (quotation marks omitted). Third, "after determining the weight of the presumption of access, the court must balance competing considerations against it," which "include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (internal quotation marks omitted). "Only when competing interests outweigh the presumption may access be denied." *Erie Cnty.*, 2014 WL 4056326, at *3.

"In addition to the common law right of access, it is well established that the public and the press have 'a qualified First Amendment right to attend judicial proceedings and to access certain judicial documents.'" *Lugosch*, 435 F.3d at 120 (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004)). Where this First Amendment right of access applies, sealing is appropriate only if "on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).

### III.   Discussion

Respondents request that the following documents be sealed: Exhibits 1-5 to the Pizzuro Declaration, comprising the Partial Award and various documents submitted to the arbitrators, including the Transfer Agreement; and Exhibits A-G to the Prevatt Declaration, comprising excerpts from the pleadings to the arbitration and the Final Award.

With respect to the first step of the inquiry, the Court finds that these documents, which were submitted in connected with petitions to confirm or vacate an arbitration award, constitute "'judicial documents that directly affect the Court's adjudication' and are therefore subject to a presumption of public access." *First State Ins. Co. v. Nat'l Cas. Co.*, No. 13-cv-704 (AJN), 2013

WL 8675930, at *1 (S.D.N.Y. Feb. 19, 2013) (quoting *Aioi Nissay Dowa Ins. Co. v. Prosight Specialty Mgmt. Co., Inc.*, No. 12-cv-3274 (JPO), 2012 WL 3583176, at *5 (S.D.N.Y. Aug. 21, 2012)).

Proceeding to the second step of the inquiry, the Court determines that the weight of this presumption appears to be particularly significant with respect to the Partial Award, Final Award, the arbitration pleadings, and the Transfer Agreement containing the disputed Call Option provision, *i.e.* Exhibits 1 and 2 to the Pizzurro Declaration, and Exhibits A through G to the Prevatt Declaration. *See* Dkt. No. 2 ¶ 55 (arguing that the Court should "conduct its own legal analysis of the Call Option provision"). Those documents lie at the heart of this litigation, and, as a result, are likely to be valuable "to those monitoring the federal courts." *Lugosch*, 435 F.3d at 119 ("[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.") (alteration in original). At this early stage, however, it appears that the remaining documents sought to be redacted, *i.e.* Exhibits 3, 4, and 5 to the Pizzurro Declaration, play a more tangential role in the dispute, and the Court therefore accords them a weaker presumption of access. *See id.*

Against the presumption of access, Respondents point to their ongoing commercial relationship for the supply and purchase of crude oil, which is governed by Exhibits 3 and 4 to the Pizzurro Declaration and may be directly affected by sensitive commercial information contained in Exhibit 5 of the Pizzurro Declaration. *See* Redaction Request 3-4. Respondents present no specific arguments against public access to the remaining documents sought to be sealed—*i.e.*, the Partial Award, the Final Award, and the pleadings submitted in the arbitration— but rather point to the confidentiality provision of their agreement to arbitration, which provided

that the parties should treat "the entire Arbitration proceedings including all information and documentation connected therewith . . . as confidential." *See* Redaction Request 3, 1.

On balance, the Court provisionally finds that sealing is appropriate with respect to Exhibits 3, 4, and 5 attached to the Pizzuro Declaration. In particular, the Court concludes that sealing is appropriate with respect to those documents on the basis of their containing sensitive commercial information affecting the parties' ongoing relationship. The documents are, furthermore, of limited relevance to the dispute before the Court. For the same reasons, the Court finds that some redaction is appropriate with respect to portions of the Partial Award, Pizzuro Decl. Ex. 1, that are not at issue in this proceeding, *i.e.*, paragraphs 139-56, 337-411, and 433-94. The Court notes that it may revisit this decision following resolution of the petitions or upon request.

However, the Court denies Respondents' request with respect to the remaining portions of the Partial Award, the Transfer Agreement, the Final Award, and the pleadings submitted in relation to arbitration. *See* Pizzurro Decl. Exs. 1, 2; Prevatt Decl. Exs. A-G. Respondents make no specific arguments in support of sealing those documents and instead rely upon the confidentiality provision of their arbitration agreement. *See* Redaction Request 3. But "[t]he mere existence of a confidentiality agreement . . . does not demonstrate that sealing is necessary." *Church Ins. Co. v. Ace Property & Cas. Ins. Co.*, No. 10-cv-698 (RJS), 2010 WL 3958791, at *3 (S.D.N.Y. Sept. 23, 2010) (quoting *Mut. Marine Office, Inc. v. Transfercom Ltd.*, No. 08-cv-10367 (PGG), 2009 WL 1025965, at *5 (S.D.N.Y. Apr. 15, 2009)); *see also Lugosch*, 435 F.3d at 125-26 ("[T]he mere existence of a confidentiality order says nothing about whether complete reliance on the order to avoid disclosure [is] reasonable."). Respondents having thus

5

made no showing sufficient to overcome the strong presumption in favor of access that attaches to these documents, their request is denied.

### IV.     Conclusion

For the foregoing reasons, Respondents' request is granted with respect to Exhibits 3, 4, and 5 of the Pizzurro Declaration, and with respect to the above-described portions of Exhibit 1 to the Pizzurro Declaration. The request is denied with respect to the remaining documents. The Court reiterates that it may revisit this decision following resolution of the petitions or upon request.

The Clerk is directed to strike Exhibits 1, 3, and 4, and 5 attached to the Pizzurro Declaration, ECF No. 4. Petitioners are directed to ECF file a redacted version of Exhibit 1 to the Pizzurro Declaration, in accordance with this order. The Court will seal unredacted versions of these documents.

Respondents are directed to ECF file their opposition brief and supporting documents, including Exhibits A through G to the Prevatt Declaration.

SO ORDERED.

Dated:  October 6, 2014
        New York, New York

_____
ALISON J. NATHAN
United States District Judge